IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**June 30, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TAYLOR C.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-387**    (Fam. Ct. Marshall Cnty. Case No. FC-25-2024-D-49)

**MICHAEL W.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Taylor C. [1] ("Mother") appeals the Family Court of Marshall County's July 30, 2025, Final Order on Parenting and Child Support, which designated Respondent Michael W. ("Father") primary custodial parent and allocated Mother less than an equal 50-50 custodial allocation. Father filed a response in support of the family court's order.[2] Mother did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order entered July 30, 2025, is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Mother and Father were never married and are the parents of one minor child, born in 2017. The parties resided together with the minor child in Marshall County until Spring 2024 when their relationship ended. Following the separation of the parties, Mother relocated with the child to Pittsburgh, Pennsylvania, while Father remained in Marshall County. Mother subsequently filed a petition for custodial allocation.

The family court held hearings on August 12, 2024, November 18, 2024, and December 27, 2024. Prior to the final hearing, the parties attended mediation, where they agreed on holiday and vacation times but did not come to an agreement on a permanent custodial allocation for the minor child. At the final hearing in December 2024, both parties presented witnesses and evidence, and both requested to be designated as the primary

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Both parties are self-represented.

custodial parent, as both claimed to have undertaken the majority of caretaking responsibilities for the minor child prior to their separation. On July 30, 2025, the family court entered its Final Order on Parenting and Child Support.

In that order, the family court found that it was in the child's best interest to designate Father as the child's primary custodial parent. The family court based its decision on the long-term housing and employment stability of Father, his having reliable transportation, and the consistency in caretaking, living, and school environments for the child in West Virginia, where the child had resided her entire life before Mother's relocation. Whereas the family court found that Mother's housing and financial circumstances were "somewhat uncertain and less stable" than that of Father and that Mother did not have access to reliable transportation. The family court specifically found that it was "reluctant to relocate the child to a different school system … and away from the familiar" and concluded that doing such was not in the child's best interest.

Further, the family court determined that Father rebutted the presumption of an equal (50-50) custodial allocation, pursuant to West Virginia Code § 48-9-209(f)(5)(A) (2024), because such an arrangement was not practical due to the distance between the parties' residences following Mother's relocation. The family court went on to find that less exchanges, rather than more, would be preferable because of "the difficulties the parties have shown in getting along and cooperating with the other parent" and because the "child is not old enough to be shuttled back and forth frequently, nor would that arrangement be practical for these parties." Additionally, the family court determined that Mother's relocation would "deny [F]ather meaningful parenting time and would not sufficiently be justified by some benefit to the child" and, that Mother's relocation would "unfortunately … result in an unbalanced parenting time plan." However, the family court found that it "should adopt a parenting plan granting as close to equitable parenting time to the parties, while still considering the effect of travel on the child and work obligations of the parents." After making these findings, the family court allocated Mother custodial time on alternating weekends "when the child is in school" and alternating weeks "when the child is not in school." All other time was allocated to Father, subject to the agreed holidays and vacation times. It is from this order that Mother now appeals.

For these matters, we use the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

2

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

"In general, an abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the . . . court makes a serious mistake in weighing them." *Shafer v. Kings Tire Serv., Inc.,* 215 W. Va. 169, 177, 597 S.E.2d 302, 310 (2004) (citation omitted). Further, "[q]uestions relating to . . . custody of the children are within the sound discretion of the [family] court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl., *Nichols v. Nichols,* 160 W. Va. 514, 236 S.E.2d 36 (1977). "Thus, a family court's decision is entitled to significant deference. Absent an abuse of discretion, this Court must refrain from substituting its judgment for that of the family court, even if this Court might have decided a case differently." *Amanda A. v. Kevin T.,* 232 W. Va. 237, 245, 751 S.E.2d 757, 765 (2013).

Moreover, "a family court is entitled to deference to the extent it relies on determinations it made of the parties' credibility." *In re C.S.*, 251 W. Va. 147, 152, 909 S.E.2d 819, 824 (Ct. App. 2024) (citing *Thomas E. v. Amy F.*, No. 13-0176, 2013 WL 5708438, at *2 (W. Va. Oct. 21, 2013) (memorandum decision)). Further, "[a]n appellate court may not . . . weigh evidence as that is the exclusive function and task of the trier of fact." *In re the Marriage/Child. of Matt N. v. Michele I.*, No. 14-0090, 2014 WL 6724758, at *5 (W. Va. Nov. 25, 2014) (memorandum decision) (citing *State v. Guthrie,* 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995)); *Ford v. Ford,* 25-ICA-243, 2026 WL 688282 at *5 (W. Va. Ct. App. Feb. 27, 2026) (memorandum decision).

On appeal, Mother asserts three assignments of error. Because her assignments of error are similar, we will consolidate and restate them for clarity and efficiency. *See generally Tudors Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly."); *Jacquelyn F. v. Andrea R.*, No. 16-0585, 2017 WL 2608425, at *1 n.2 (W. Va. June 16, 2017) (memorandum decision) (restating assignments of error where they involve clearly related issues.).

At the outset, this Court points out that we are limited in our review to the record developed before the family court and will not address matters not presented to the family court. *See City of Huntington v. Chesapeake & Potomac Telephone Co.*, 154 W. Va. 634, 639, 177 S.E.2d 591, 595 (1970) (declining to address matter not decided by lower court); *Shaffer v. Acme Limestone Co., Inc.,* 206 W. Va. 333, 524 S.E.2d 688 (1999); *Whitlow v. Board of Education,* 190 W. Va. 223, 226, 438 S.E.2d 15, 18 (1993) ("Our general rule in this regard is that, when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal.");

*PITA, LLC v. Segal,* 249 W. Va. 26, 894 S.E.2d 379 (Ct. App. 2023) (noting that as a general rule, an appellate court will not consider an issue raised for the first time on appeal); *see also* W. Va. R. App. Pro. 6(a) ("The record on appeal consists of the documents and exhibits filed in the proceedings in the lower tribunal[.]"). Mother's brief and the appendix record include facts, issues, and documents that were not included in the record before the family court. Insomuch as Mother introduced and relied on this information in her arguments, this Court did not take such into consideration when making our decision.

Mother argues that the family court made unsupported findings by failing to properly consider and weigh all the evidence when applying the best interest of the child standard under West Virginia Code § 48-9-102 (2022). Mother alleges that the family court failed to consider her role as the child's primary caregiver prior to the parties' separation, evidence of limiting factors she presented against Father, and Father's role in her need to move to Pennsylvania. Mother claims that the family court improperly weighed the evidence in Father's favor, which lead to the family court designating Father as primary custodial parent of the minor child and awarded Father greater than a 50-50 allocation of custodial time. Mother contends that if the family court had correctly analyzed the best interest of the child factors with the evidence presented, then she would have been designated as the child's primary custodial parent and been awarded at least an equal 50-50 custodial allocation. We disagree.

West Virginia Code § 48-9-102 provides that the primary objective in allocating custodial responsibility is to serve the child's best interests, with a secondary objective "to achieve fairness between the parents consistent with the rebuttable presumption of equal (50-50) custodial allocation." Equal (50-50) custodial allocation is presumed to be in the best interest of the child. *See* W. Va. Code § 48-9-102a. If the family court finds that the 50-50 presumption is rebutted, then the family court is required to create a parenting schedule that maximizes the time each parent has with the child that is consistent with the child's welfare. *See* W. Va. Code § 48-9-102a (2022); *see e.g. Jacob H. v. Siera G.*, No. 24-ICA-147, 2024 WL 4787833, at *3 (W. Va. Ct. App. Nov. 14, 2024) (memorandum decision). Further, family courts are required to consider the following factors in determining the best interests of a child:

> (1) stability of the child; (2) collaborative parental planning and agreement about the child's custodial arrangements and upbringing; (3) continuity of existing parent-child attachments; (4) meaningful contact between a child and each parent, and which is rebuttably presumed to be equal (50-50) custodial allocation of the child; (5) caretaking and parenting relationships by adults who love the child, know how to provide for the child's needs, and who place a high priority on doing so; (6) security from exposure to physical or emotional harm; (7) expeditious, predictable decision making and avoidance of prolonged uncertainty respecting arrangements for the child's

care and control; and (8) meaningful contact between a child and his or her siblings, including half-siblings.

W. Va. Code § 48-9-102(a).

Here, the family court made extensive findings of fact regarding the best interest of the child that correlate to the relevant statutory factors found in West Virginia Code § 48-9-102. The family court found that: both parents were fit parents and neither needed restrictions; both parents were predominantly credible; both parents are genuinely concerned for the child's well-being; both parents exercised significant caregiving responsibilities; Father's living and economic circumstances were more stable than that of Mother; it was in the child's best interest to not change schools; the parties had difficulty in cooperating with one another; and the parties struggle to communicate, which is detrimental to their ability to co-parent the child. After the family court designated Father as the primary custodial parent, the court determined that an equal 50-50 custodial allocation was impractical during the school year due to the distance between the parties' residences.

The family court conducted three hearings during the proceedings, and heard the evidence each party presented, as well as their arguments. The family court weighed the evidence presented and considered the credibility of parties in reaching its decision. In accordance with West Virginia Code § 48-9-209(f), the family court found that limiting factors existed and concluded that Father successfully rebutted the presumption of an equal 50-50 custodial allocation under West Virginia Code § 48-9-102a (2022)[3] as discussed above. The family court is entitled to deference, especially when credibility is a factor in its decision, and this Court cannot reweigh the evidence. Therefore, we cannot conclude that the family court clearly erred or abused its discretion in its decision to designate Father the minor child's primary custodial parent and to allocate custodial responsibility to Mother at less than an equal 50-50 custodial allocation.

---

[3] We note that the family court's order makes a conclusion of law, quoting West Virginia Code § 48-9-102a, that: "[t]here is a presumption, rebuttable by a preponderance of the evidence, that equal (50-50) custodial allocation is in the best interest of the child. If the presumption is rebutted, the Court shall, absent an agreement between the parents as to all matters related to custodial allocation, construct a parenting time schedule which maximizes the time each parent has with the child and is consistent with ensuring the child's welfare." However, the family court here does not articulate *how* it is maximizing Mother's parenting time as required by West Virginia Code § 48-9-102a. This Court encourages family courts to include their reasoning as to how a custodial allocation maximizes a parent's time when the parent receives less than an equal allocation. Since Mother failed to allege that this failure was error, we decline to address it as such.

5

Accordingly, we affirm the Family Court of Marshall County's July 30, 2025, Final Order on Parenting and Child Support.

Affirmed.

**ISSUED:** June 30, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White